# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 26, 2012

Lyle W. Cayce
Clerk

No. 11-50645 c/w
No. 11-50647
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT SHAWN BOYD,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 6:11-CR-2-1 & 6:11-CR-3-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Robert Shawn Boyd pleaded guilty to conspiring to operate a chop shop and aiding and abetting the alteration of a motor vehicle identification number and was sentenced to concurrent 27-month terms of imprisonment. He argues on appeal that the district court clearly erred in determining the amount of loss on which it based his sentence. He suggests that he is responsible only for items that he personally stole and that he could not reasonably foresee that other

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

items that passed through the chop shop were in fact stolen by his co-conspirators. We review for clear error the sentencing court's factual determination of relevant conduct. United States v. Ekanem, 555 F.3d 172, 175 (5th Cir. 2009).

The district court may properly consider acts beyond the individual defendant's criminal activity "so long as those acts were in furtherance of the same course or conduct or common scheme or plan as the conspiracy." United States v. Longstreet, 603 F.3d 273, 278 (5th Cir. 2010). In this case, Boyd offered no evidence to rebut the probation officer's report that the conspiracy involved specific stolen motorcycles and motorcycle parts and accessories valued at $47,135. His "mere objection" to the amount of loss failed to meet his burden of establishing that the sentencing evidence was unreliable or that his co-conspirators' acts in this case were not reasonably foreseeable to him. United States v. Ford, 558 F.3d 371, 377 (5th Cir. 2009); United States v. Parker, 133 F.3d 322, 329 (5th Cir. 1998); United States v. Patterson, 962 F.2d 409, 414 (5th Cir. 1992).

AFFIRMED.